ANTONIO PAGÁN SILVA, Plaintiff and Appellant, *v.* JOSEFA PADÍN TIRADO ET AL., Defendants and Appellees.

No. 6139. Argued May 23, 1933.—Decided May 31, 1933.

*Isaías M. Crespo* for appellant. *A. Reyes Delgado* for appellees.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

This is an action of unlawful detainer at sufferance brought by Antonio Pagán Silva against Josefa Padín Tirado and José Cardona. Plaintiff alleges that defendants owed him a certain sum of money for the recovery of which he had brought an action in the Municipal Court of Arecibo which that court decided in his favor, and to execute said judgment an urban property belonging to defendants was sold at auction and awarded to him and that defendants refuse to vacate the premises notwithstanding the fact that they do not pay any rent to plaintiff for the occupation thereof.

Defendants admitted all the allegations of the complaint and alleged as a special defense that they had a homestead right in said property which they had not waived. Defendants have admitted the execution of a promissory note in favor of plaintiff for the sum of $55. On the back of this document the principal debtor, Josefa Padín Tirado, wife of the other defendant, José Cardona, with the consent of the latter

gave as security the urban property which they owned, and which later was awarded to plaintiff and is the object of the present action of unlawful detainer. This property was valued at $400, and its owner agreed not to convey the same or place any liens thereon while the contracted obligation remained in force. The District Court of Arecibo rendered a conditional judgment in favor of plaintiff in the unlawful detainer suit and ordered defendants to relinquish the property mentioned, provided that plaintiff recognize the right of homestead which the defendants had in said property. Plaintiff appealed from that judgment, and he maintains that the court erred in recognizing a right of homestead in favor of defendants, who as he claims, had released their homestead rights in his favor by expressly waiving said right in the promissory note signed by them and by stipulating in the security executed under oath that the house the object of the suit would serve as security for the loan, and agreeing not to convey the same or place any lien thereon as long as the contracted obligation remained in force.

In the promissory note which was signed before a notary by the defendants, they state that they waive the rights and privileges granted to them by section 249 of the Code of Civil Procedure, their rights of homestead, those of notice, and any benefit that might be derived from other laws. This declaration was separately made by each of the defendant spouses.

Section 3 of the Act to define homestead and to exempt it from forced sale, provides that no release, waiver or conveyance of an estate so exempted shall be valid unless so expressly provided in the instrument of conveyance by such householder, etc. The wording of the statute clearly reveals its purpose. When a property is conveyed, the homestead right of the owner is not waived unless the waiver of such right is expressly provided in the instrument of conveyance. The statute does not say that the instrument must be a deed executed before a notary. It is true that acts and contracts

whose object is the creation, transmission, modification, or extinction of rights which affect real property must appear in a public instrument, but the lack of such instrument does not affect the validity of the contract, as the parties may compel each other to comply with the formality of a deed, when there exist the other requirements for the validity of the contract, which is binding on the contracting parties. The term "conveyance" means a transfer in writing of a property or title to real property from one person to another. The fact that no waiver or transfer is to be considered valid unless it is expressly provided in the instrument of conveyance, does not mean that a written waiver can not be considered where the execution of a public deed of conveyance is not involved. If the act concerned is really one of transfer of title, the law requires an express waiver in the instrument of conveyance before the homestead right can be considered as waived; but where no conveyance is involved, and the waiver is expressly made in writing, the purpose of the statute is accomplished and what the parties have agreed must be accepted and respected.

In the instant case plaintiff furnished to defendants a certain sum of money by way of a loan. A promissory note was signed before a notary and both defendants stated in that instrument that they waived their rights of homestead. It is possible that plaintiff would not have loaned the money if the house had not been offered as security, with the express waiver of the homestead rights. Defendants are estopped to allege and maintain that they have not waived said rights, after they did so expressly in a document acknowledged by them and authenticated before a notary. During the trial plaintiff informed the court that he had offered to defendants a property of less value upon which they could exercise their homestead rights. The lower court states in its opinion that this is an implied recognition by plaintiff of defendants' rights. We do not think so. Defendants waived their homestead rights in a promissory note having on its back a descrip-

tion of the property given as security for the loan by defendant Josefa Padín Tirado. The fact that plaintiff offered to defendants a property of less value upon which they could establish their homestead is not, in our judgment, a waiver of his right to recover the property securing the loan; and he is not under any obligation to recognize any homestead rights in said property in favor of defendants.

The judgment appealed from must be reversed and another rendered instead compelling defendants to vacate the property described in the complaint, without special imposition of costs.